**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN LONG, Individually and on Behalf of All Others Similarly Situated, | |
| Plaintiff, | |
| v. | Case No.: 1:24-cv-06196-JHR |
| STELLANTIS N.V., CARLOS TAVARES, and NATALIE M. KNIGHT, | Hon. Jennifer H. Rearden |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THOMAS TRAPP'S**
**MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND**
<u>**APPROVAL OF SELECTION OF COUNSEL**</u>

**TABLE OF CONTENTS**

**Page**

I.      FACTUAL BACKGROUND.................................................................................................. 2

II.     PROCEDURAL HISTORY.................................................................................................. 3

III.    ARGUMENT ....................................................................................................................... 4

    A.    Appointing Movant as Lead Plaintiff Is Appropriate ....................................................... 4

        1.   Movant Filed a Timely Motion. ................................................................................. 5

        2.   Movant Has the Largest Financial Interest in the Relief Sought. .............................. 5

        3.   Movant Satisfies the Relevant Requirements of Rule 23........................................... 6

            a.   Movant's Claims Are Typical.............................................................................. 7

            b.   Movant Is An Adequate Representative. .............................................................. 7

    B.    Approving Lead Plaintiff's Choice of Counsel Is Appropriate. ....................................... 8

IV.    CONCLUSION..................................................................................................................... 9

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Brady v. Top Ships Inc.,*
324 F. Supp. 3d 335 (E.D.N.Y. 2018) ................................................................. 5, 6

*In re Cendant Corp.*,
264 F.3d 201 (3d Cir. 2001).......................................................................................... 8

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,*
269 F.R.D. 291 (S.D.N.Y. 2010) ................................................................................. 7

*In re E-Trade Financial Corp.* Securuties Litigation,
No. 07-cv-8538 (S.D.N.Y.)........................................................................................... 8

*Ford v. VOXX Int'l Corp.,*
No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705 (E.D.N.Y. Apr. 13, 2015)........... 6, 7

*In re Gentiva Sec. Litig.,*
281 F.R.D. 108 (E.D.N.Y. 2012) ................................................................................. 6

*Gurevitch v. KeyCorp, et al.*,
No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023) ......................................................... 9

*Jaramillo v. Dish Network Corporation, et al.*,
No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023).............................................................. 9

*Kuriakose v. Fed. Home Loan Mortg. Co.,*
No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506 (S.D.N.Y. Nov. 24, 2008).................. 7

*Martin v. BioXcel Therapeutics, Inc. et al.,*
No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023) ............................................................... 9

*Petersen v. Stem, Inc. et. al.,*
No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023) ............................................................ 9

*Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*,
No. 1:23-cv-02764 (N.D. Ill. July 11, 2023) .............................................................. 9

*Solomon v. Peloton Interactive, Inc. et al.,*
No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023) .............................................................. 9

*In re Tesla Inc. Securities Litigation,*
No. 3:18-cv-4865 (N.D. Cal.) ...................................................................................... 9

*Thant v. Rain Oncology Inc. et al.*,
5:23-cv-03518 (N.D. Cal. Nov. 1, 2023) .................................................................... 9

*Thant v. Veru, Inc. et al.,*
 No. 1:22-cv-23960 (S.D. Fla. July 27, 2023)............................................................... 9

*In re U.S. Steel Securities Litigation,*
 No. 2:17-579-CB (W.D. Pa.) ........................................................................................ 8

*Villanueva v. Proterra Inc. et al.,*
 No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023) ............................................................. 9

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.,*
 No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552 (E.D.N.Y. May 31, 2011).................. 7

*Xiangdong Chen v. X Fin.,*
 No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292 (E.D.N.Y. May 13, 2020)......... 5

**Statutes**

15 U.S.C. § 78u-4 ..............................................................................................*passim*

**Rules**

FED. R. CIV. P. 23 ................................................................................................ 1, 5, 6, 7

Thomas Trapp ("Movant") respectfully submits this memorandum of law in support of his motion ("Motion") to appoint him as lead plaintiff and approve his selection of Levi & Korsinsky, LLP ("Levi & Korsinsky") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), on behalf of all investors who purchased or otherwise acquired Stellantis N.V. ("Stellantis" or the "Company") securities between February 15, 2024 to July 24, 2024, inclusive (the "Class" who purchased during the "Class Period"), concerning claims under Sections 10(b) and 18 of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. §240.10b-5), against Defendants Stellantis, Carlos Tavares ("Tavares"), and Natalie M. Knight ("Knight") (collectively, "Defendants").

Pursuant to the PSLRA, the person or group of persons with the largest financial interest in the relief sought by the Class who also satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure are presumed to be the "most adequate" plaintiff—*i.e.*, the plaintiff most capable of adequately representing the interests of Class members. The PSLRA provides that the Court shall appoint the most adequate movant as lead plaintiff. Movant believes that he is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the substantial financial losses he suffered as a result of defendants' wrongful conduct as alleged in this litigation. Moreover, Movant satisfies the relevant requirements of Rule 23 of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class. In addition, Movant's selection of Levi & Korsinsky as Lead Counsel should be approved because the firm has substantial experience in securities class action litigation and the experience and resources to efficiently prosecute the Action.

I.      **FACTUAL BACKGROUND**[1]

Stellantis designs, engineers, manufactures, distributes and sells vehicles across five portfolios: (i) luxury vehicles under the Maserati brand; (ii) premium vehicles covered by Alfa Romeo, DS and Lancia brands; (iii) global sport utility vehicles under the Jeep brand; (iv) American brands covering Dodge, Ram and Chrysler vehicles and (v) European brands covering Abarth, Citroën, Fiat, Opel, Peugeot and Vauxhall vehicles. ¶ 18.

On February 15, 2024, Defendants issued a press release announcing its full year 2023 financial results. ¶ 20. The press release also provided Stellantis' expected full year guidance for 2024. *Id.*

The statements in Paragraphs 20 to 38 of the *Long* Complaint were false and/or materially misleading. ¶ 39. Defendants provided investors with materially misleading and/or failed to disclose important information pertinent to the investors, which included Defendant's financial and operational problems, revenue lower than expected and expansions of the business not turning in their favor. *Id.*

On July 25, 2024, Stellantis issued a press release announcing their first half 2024 financial results and disappointing near-term revenue outlook. ¶ 40.

On an earnings call the same day, the Defendant Tavares discussed the disappointing revenue results for the first half of 2024, specifically addressing the Company's inventory issues. ¶ 41.

On the same call, Defendant Knight commented on the "toughening pricing environment."

---

[1] Citations to "¶ __" are to paragraphs of the Class Action Complaint (the "*Long* Complaint") filed in the action styled *Long v. Stellantis N.V., et. al.,* Case No. 1:24-cv-06196-JHR (the "*Long* Action"). Unless otherwise defined, capitalized terms shall have the same meaning set forth in the *Long* Complaint. The facts set forth in the *Long* Complaint are incorporated herein by reference.

¶ 42. During the question-and-answer segment of the call, the Individual Defendants were asked about the Company's financials, operational structure and long term growth. ¶ 43.

The aforementioned press release and statements made by the Individual Defendants are fraudulent and in direct contrast to statements they made during the February 15, 2024 earnings call. ¶ 44. On that call, Defendant Knight specifically commented on Stellantis' pricing improvements made throughout the year which allowed the Company to offset significant headwinds. *Id.* In addition, Defendant Knight noted that "inventories still remain below the levels of our premerger predecessor companies. *Id.* I think that's important to note…***Going forward, despite our continued focus on pricing discipline, we don't expect further inventory increases of any materiality in 2024***." *Id.*

Investors and analysts reacted immediately to Stellantis' revelation. The price of Stellantis' common stock declined dramatically. ¶ 45. From a closing market price of $19.60 per share on July 24, 2024 to $17.66 per share on July 26, 2024. *Id.*

## II.    PROCEDURAL HISTORY

Pending before this Court is the above-captioned *Long* Action against the Defendants. Plaintiff Steven Long ("Long") commenced the first-filed action on August 15, 2024. On that same day, Levi & Korsinsky, counsel acting on Long's behalf published a notice on *Globe Newswire* announcing that a securities class action had been initiated against the Defendants. *See* Exhibit C ("Press Release") to the Declaration of Adam M. Apton in Support of Movant's Motion ("Apton Decl.").

3

## III.    ARGUMENT

### A.    Appointing Movant as Lead Plaintiff Is Appropriate

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff" — *i.e.*, the plaintiffs most capable of adequately representing the interests of the Class — is the class member or group of class members that:

> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

The presumption "may be rebutted only upon proof by a purported member of the plaintiff class that the presumptively most adequate plaintiff—

> (aa) will not fairly and adequately protect the interest of the class; or
>
> (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Movant satisfies the forgoing criteria and has complied with all of the PSLRA's requirements to be appointed lead plaintiff. Movant has, to the best of his knowledge, the largest financial interest in this litigation—having lost $141,994.88 as a result of his

4

transactions and meets the relevant requirements of Federal Rule of Civil Procedure 23. *See* Loss Chart, Ex. B to Apton Decl. In addition, Movant is not aware of any unique defenses that Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Movant respectfully submits that he should be appointed as lead plaintiff. *See Brady v. Top Ships Inc.,* 324 F. Supp. 3d 335, 350 (E.D.N.Y. 2018).

### 1.    Movant Filed a Timely Motion.

On August 15, 2024, pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), counsel for Long published the Press Release on *Globe Newswire*—a widely circulated national business-oriented wire service—announcing that a securities class action had been filed against defendants herein and advising purchasers of Stellantis securities that they had 60 days from the publication of the August 15, 2024 notice to file a motion to be appointed as lead plaintiff. *See* Apton Decl., Ex. C; *Xiangdong Chen v. X Fin.*, No. 19-CV-6908-KAM-SJB, 2020 U.S. Dist. LEXIS 86292, at *6 (E.D.N.Y. May 13, 2020) (finding that a notice published on *Globe Newswire* satisfied Rule 23).

Movant timely filed his motion within the 60-day period following publication of the August 15, 2024 Press Release and submitted herewith a sworn certification attaching his transactions in Stellantis securities and attesting that he is willing to serve as representative of the Class. *See* PSLRA Certification, Ex. A to Apton Decl. By making a timely motion in response to a PSLRA notice, Movant satisfies the first PSLRA requirement to be appointed as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(aa).

### 2.    Movant Has the Largest Financial Interest in the Relief Sought.

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). At the time of this filing, Movant believes

that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, is presumed to be the "most adequate plaintiff."

Movant acquired Stellantis securities at prices alleged to have been artificially inflated by Defendants' materially false and misleading statements and was injured thereby. As a result of Defendants' false statements, Movant suffered an approximate loss of $141,994.88. *See* Apton Decl., Ex. B. Movant is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, Movant believes that he has the "largest financial interest in the relief sought by the Class." Thus, Movant satisfies the second PSLRA requirement—the largest financial interest—and should be appointed as lead plaintiff for the Class. *See Top Ships,* 324 F. Supp. 3d at 350.

### 3.      Movant Satisfies the Relevant Requirements of Rule 23.

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

FED. R. CIV. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, typicality and adequacy are the only provisions of Rule 23 that are to be considered. *Ford v. VOXX Int'l Corp.,* No. 14-cv-4183-JS-AYS, 2015 U.S. Dist. LEXIS 92705, at *6 (E.D.N.Y. Apr. 13, 2015) (citing *In re Gentiva Sec. Litig.,* 281 F.R.D. 108, 112 (E.D.N.Y. 2012)). At the lead

6

plaintiff stage of the litigation, Movant need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id*. at \*6.

### a.   Movant's Claims Are Typical.

The Rule 23(a) typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose v. Fed. Home Loan Mortg. Co.,* No. 1:08-cv-7281-JFK, 2008 U.S. Dist. LEXIS 95506, at \*11-13 (S.D.N.Y. Nov. 24, 2008); Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*.

Movant's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Movant alleges that Defendants' material misstatements and omissions concerning Stellantis's business, operational and financial results violated the federal securities laws. Movant, like all members of the Class, purchased or otherwise acquired Stellantis securities during the Class Period. *Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-cv-00864-SLT, 2011 U.S. Dist. LEXIS 88552, at \*12 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, Movant's interests and claims are "typical" of the interests and claims of the Class.

### b.   Movant Is An Adequate Representative.

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp.,* 269 F.R.D. 291, 297 (S.D.N.Y. 2010). Movant has demonstrated his adequacy by retaining competent and experienced counsel, Levi & Korsinsky, with the resources

7

and expertise to efficiently prosecute the Action, and Movant's financial losses ensure that he has sufficient incentive to ensure the vigorous advocacy of the Action. *See* Apton Decl., Ex. B. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class.

Moreover, Movant considers himself to be a sophisticated investor, having been investing in the stock market for 25 years. He resides in Rock Spring, Wyoming. Movant is currently the owner of Insulation Incorporated, which was established in 1978. Therefore, Movant will prosecute the Action vigorously on behalf of the Class.

Accordingly, Movant meets the adequacy requirement of Rule 23.

### B.      Approving Lead Plaintiff's Choice of Counsel Is Appropriate.

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp.*, 264 F.3d 201, 274 (3d Cir. 2001). Thus, the Court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Movant has selected Levi & Korsinsky to pursue this litigation on his behalf and has retained the firm as the Class' Lead Counsel in the event he is appointed as lead plaintiff. Levi & Korsinsky possesses adequate experience in securities litigation and has successfully prosecuted numerous securities class actions on behalf of injured investors, as reflected by the Firm Résumé attached to the Apton Decl. as Ex. D. Moreover, Levi & Korsinsky has often been appointed as lead counsel in similar actions across the country arising under the federal securities laws on behalf of investors. As lead counsel in *In re U.S. Steel Securities Litigation,* No. 2:17-579-CB (W.D. Pa.), Levi & Korsinsky secured a $40 million recovery on behalf of investors in the securities of U.S. Steel. The firm also secured a $79 million recovery on behalf of E-Trade investors in *In re E-Trade Financial Corp.* Securities Litigation, No. 07-cv-8538 (S.D.N.Y.). Levi & Korsinsky also has trial

8

experience relating to *In re Tesla Inc. Securities Litigation,* No. 3:18-cv-4865 (N.D. Cal.), representing Tesla investors who were harmed by Elon Musk's "funding secured" tweet from August 7, 2018. *Id.* In the last year alone, Levi & Korsinsky has been appointed lead or co-lead counsel in a number of actions in this Circuit and across the Country including *Thant v. Rain Oncology Inc. et al.*, 5:23-cv-03518 (N.D. Cal. Nov. 1, 2023); *Jaramillo v. Dish Network Corporation, et al.*, No. 1:23-cv-00734 (D. Colo. Aug. 16, 2023); *Villanueva v. Proterra Inc. et al.,* No. 5:23-cv-03519 (N.D. Cal. Oct. 23, 2023); *Martin v. BioXcel Therapeutics, Inc. et al.,* No. 3:23-cv-00915 (D. Conn. Oct. 4, 2023); *Rensin, Trustee of the Rensin Joint Trust v. United States Cellular Corporation, et al.*, No. 1:23-cv-02764 (N.D. Ill. July 11, 2023); *Petersen v. Stem, Inc. et al.,* No. 3-23-cv-02329 (N.D. Cal. Aug 22, 2023); *Solomon v. Peloton Interactive, Inc. et al.,* No. 1:23-cv-04279 (E.D.N.Y. Sept 7, 2023); *Gurevitch v. KeyCorp, et al.*, No. 1:23-cv-01520 (N.D. Ohio Dec. 26, 2023); *Thant v. Veru, Inc. et al.,* No. 1:22-cv-23960 (S.D. Fla. July 27, 2023). Thus, the Court may rest assured that by granting Movant's motion, the Class will receive the highest caliber of legal representation possible.

## IV.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Movant as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

*[Signature on following page]*

9

Dated: October 15, 2024

Respectfully Submitted,

**LEVI & KORSINSKY, LLP**

By: */s/ Adam M. Apton*
Adam M. Apton (AS-8383)
33 Whitehall Street, 17th Floor
New York, NY 10004
Tel: (212) 363-7500
Fax: (212) 363-7171
Email: aapton@zlk.com

*Lead Counsel for Thomas Trapp and
[Proposed] Lead Counsel for the Class*