**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
Rina Restaino, Esq.
Brian England, Esq.
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Fax: 877-590-0482
Email: brian@schallfirm.com
Email: rina@schallfirm.com

*[Proposed] Co-Lead Counsel for Lead Plaintiff and the Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN LONG, on Behalf of Itself and All Others Similarly Situated,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>STELLANTIS N.V., CARLOS TAVARES, and NATALIE M. KNIGHT,<br><br>　　　Defendants. | **CASE No.: 1:24-cv-06196-JHR**<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF MARK LIM TO: (1) APPOINT LEAD PLAINTIFF; AND (2) APPROVE LEAD PLAINTIFF'S SELECTION OF COUNSEL**<br><br>**CLASS ACTION** |

1

Plaintiff Mark Lim ("Movant") respectfully submits this memorandum of law in support of his motion for an Order, pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(a)     appointing Movant as Lead Plaintiff for the class of all purchasers or acquirers of securities of Stellantis N.V. ("Stellantis" or the "Company") between February 15, 2024 and July 24, 2024, both dates inclusive (the "Class Period"); and

(b)     approving Movant's selection of The Rosen Law Firm, P.A. ("Rosen Law") and The Schall Law Firm ("Schall Law") as Co-Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

On August 15, 2024, this action was filed in against Stellantis, Carlos Tavares, and Natalie M. Knight (collectively, "Defendants"). That same day, an early notice was issued pursuant to the PSLRA advising class members of, *inter alia*, the allegations and claims in the complaint, the Class Period, and advising class members of their option to seek appointment as Lead Plaintiff was issued. *See* Ex. 1 hereto.

Defendant Stellantis is an automotive company. It owns the Maserati, Alfa Romeo, Dodge, Chrysler, Lancia, and Jeep brands, among others. Stellantis is a Dutch corporation with its principal executive offices in The Netherlands. Stellantis' common stock trades under the ticker symbol "STLA."

Defendants provided investors with material information regarding Stellantis' expected revenue for the full year 2024. Defendants' statements included, among other things, Stellantis' reduction of inventory levels, pricing improvements, and expansion of its product offering thereby supporting Defendants' decision to forecast double-digit adjusted operating income (AOI) margin in 2024, as well as positive industrial free cash flow.

Further, Defendants provided these overwhelmingly positive statements to investors while, at the same time, disseminating materially false and misleading statements and/or concealing material adverse facts concerning inventory levels, pricing and market share stabilizations. This caused Movant and other shareholders to purchase Stellantis' securities at artificially inflated prices.

Then, on July 25, 2024, Defendants issued a press release announcing their financials for the first half of 2024. In pertinent part, Defendants' results missed consensus and were expecting a disappointing "near-term outlook." The press release stated, in pertinent part, that Stellantis' "performance in the first half of 2024 fell short of our expectations, reflecting both a challenging industry context as well as our own operational issues." On the Company's earnings call that same day, Defendant Tavares addressed inventory issues facing the Company, and Defendant Knight discussed a "toughening pricing environment" facing the Company.

On this news, the price of Stellantis common stock fell $1.94, or approximately 9.9%, over two trading days from closing at $19.60 per share on July 24, 2024 to close at $17.66 on July 26, 2024.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Movant and other Class members have suffered significant losses and damages.

**ARGUMENT**

## I.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA provides a "rebuttable

3

presumption" that the "most adequate plaintiff" to serve as lead plaintiff is the person or group

that:

(aa) has either filed the complaint or made a motion in response to a notice…;

(bb) in the determination of the Court, has the largest financial interest in the relief sought

by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil

Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Movant satisfies all three of these criteria, and thus is entitled to the

presumption of being the "most adequate plaintiff" for the Class.

### A. Movant Is Willing to Serve as Class Representative

Movant has filed herewith a PSLRA certification attesting that he is willing to serve as

representative of the class and remains willing to provide testimony at deposition and trial, if

necessary. *See* Ex. 2 hereto. Accordingly, Movant satisfies the first requirement to serve as Lead

Plaintiff for the Class.

### B. Movant Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate

plaintiff … is the person or group of persons that … has the largest financial interest in the relief

sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how

we should decide which plaintiff group has the 'largest financial interest' in the relief sought,

most courts simply determine which potential lead plaintiff has suffered the greatest total losses."

*Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in

---

[1] *Lax v. Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Sec. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

determining the largest financial interest, the financial loss is the most significant factor. *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 437 (S.D.N.Y. 2008). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period." *In re Bally Total Fitness*, *Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant lost approximately $21,506.53 in connection with his purchases of Stellantis securities. *See* Ex. 3 hereto. Movant is not aware of any other movant that has suffered greater losses in Stellantis's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification – a *prima facie* showing that Movant will satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of

lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.,* 182 F.R.D. 42, 49 (S.D.N.Y. 1998).

### 1.    Movant's Claims are Typical

The Rule 23(a) typicality requirement is satisfied when a plaintiffs' claims arise from the same event, practice or course of conduct that gives rise to other class members' claims and plaintiffs' claims are based on the same legal theory. *See In re Livent, Inc. Noteholders Sec. Litig.*, 210 F.R.D. 512, 516 (S.D.N.Y. 2002). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

Here, Movant's claims are typical of the claims asserted by the Class. Movant, like all members of the Class, alleges that Defendants violated the Exchange Act by issuing false and misleading and failing to disclose material statements about the Company's business. Movant's interests are closely aligned with the other Class members' and Movant's interests are, therefore, typical of the other members of the Class.

### 2.    Movant Is Adequate

The adequacy of representation of Rule 23 is satisfied where it is established that a representative party has the ability to represent the claims of the class vigorously, has obtained adequate counsel, and there is no conflict between a potential representative's claim and those asserted on behalf of the class. *In re Cendant Corp. Litigation*, 264 F.3d. 201, 265 (3d Cir. 2001).

Movant lives in Singapore, where he works as a Vice President at a semiconductor company. Movant holds an MBA degree and has been investing in securities for over 15 years. Here, Movant has communicated with competent, experienced counsel concerning this case, and made this motion to be appointed as Lead Plaintiff. Movant is not aware that any conflict exists between his claims and those asserted on behalf of the Class. Movant also sustained substantial

financial losses from his investments in Stellantis securities and is, therefore, extremely motivated to pursue claims in this action.

### D. Movant Is Presumptively the Most Adequate Plaintiff

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the Plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

The presumption that Movant is the most adequate Lead Plaintiff is not, therefore subject to rebuttal. Accordingly, Movant has suffered financial losses and has the largest financial interest in this case of any timely lead plaintiff.

The ability of Movant to represent the Class fairly and adequately is discussed above. Movant is not aware of any unique defenses Defendants could raise against him that would render Movant inadequate to represent the Class.

### II.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law and Schall Law as Co-Lead Counsel. The firms have been actively researching Movant's and the Class Plaintiffs' claims, including reviewing publicly available financial and other documents while gathering information in support of the claims

against Defendants. Furthermore, both firms have extensive history bringing significant recoveries to investors and is experienced in the area of securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the country. *See* Exs. 4 and 5 hereto. Both firms prosecuted numerous securities fraud class actions and other complex litigation and obtained substantial recoveries on behalf of investors.

As a result of the firms' experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Co-Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Movant respectfully requests the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Movant's selection of Rosen Law and Schall Law as Co-Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: October 15, 2024                    Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**
*/s/ Phillip Kim*
Phillip Kim, Esq.
Laurence M. Rosen, Esq.
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

**THE SCHALL LAW FIRM**
Brian Schall, Esq.
Rina Restaino, Esq.

8

Brian England, Esq.
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: 310-301-3335
Fax: 877-590-0482
Email: brian@schallfirm.com
Email: rina@schallfirm.com

*[Proposed] Co-Lead Counsel for Lead Plaintiff
and the Class*

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2024, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

/s/Phillip Kim