UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————— x

STEVEN LONG, Individually and on Behalf   :   Civil Action No. 1:24-cv-06196-JHR
of All Others Similarly Situated,         :

                                :   MEMORANDUM OF LAW IN SUPPORT
                    Plaintiff,   :   OF MOTION FOR APPOINTMENT AS
                                :   LEAD PLAINTIFF AND APPROVAL OF
    vs.                         :   LEAD PLAINTIFF'S SELECTION OF
                                :   LEAD COUNSEL
STELLANTIS N.V., CARLOS TAVARES,   :
and NATALIE M. KNIGHT,           :

                                :
                  Defendants.   :
                                :

———————————————————— x

4889-5074-0464.v1

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION .................................................................................................1

II.    FACTUAL BACKGROUND.................................................................................1

III.   ARGUMENT.......................................................................................................2

        A.     The North Miami Beach Funds Should Be Appointed Lead Plaintiff.....................2

                1.     The North Miami Beach Funds' Motion Is Timely ....................................3

                2.     The North Miami Beach Funds Have a Substantial Financial Interest in the Relief Sought by the Class.......................................................3

                3.     The North Miami Beach Funds Are Typical and Adequate .......................3

        B.     The Court Should Approve the North Miami Beach Funds' Selected Lead Counsel .................................................................................................................5

IV.   CONCLUSION...................................................................................................7

4889-5074-0464.v1

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Fort Worth Emps.'Ret. Fund v. J.P. Morgan Chase & Co.,*
No. 1:09-cv-03701-JPO (S.D.N.Y.) .......................................................................................6

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
No. 8:15-cv-00865-AG (C.D. Cal.) .......................................................................................6

*In re Am. Realty Cap. Props., Inc. Litig.*,
No. 1:15-mc-00040-AKH (S.D.N.Y.) ....................................................................................5

*In re Cardinal Health, Inc. Sec. Litig.*,
No. 2:04-cv-00575-ALM (S.D. Ohio) .....................................................................................6

*In re Enron Corp. Sec. Litig.*,
No. 4:01-cv-03624 (S.D. Tex.) ...............................................................................................6

*In re eSpeed, Inc. Sec. Litig.*,
232 F.R.D. 95 (S.D.N.Y. 2005) ............................................................................................4

*In re HealthSouth Corp. Sec. Litig.*,
No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ............................................................................6

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
No. 1:01-cv-01451-REB-KLM (D. Colo.) ..............................................................................6

*In re UnitedHealth Grp. Inc. Sec. Litig.*,
No. 0:06-cv-01691-JMR-FLN (D. Minn.) ..............................................................................6

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
No. 1:02-cv-05893 (N.D. Ill.) ................................................................................................6

*Malasky v. IAC/Interactivecorp*,
2004 WL 2980085 (S.D.N.Y. Dec. 21, 2004) ........................................................................4

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
No. 1:08-cv-10783-LAP (S.D.N.Y.) .......................................................................................6

*Roofers Local No. 149 Pension Fund v. Amgen Inc.*,
2023 WL 4406286 (S.D.N.Y. July 7, 2023) .......................................................................3, 4

4889-5074-0464.v1

**Page**

**STATUTES, RULES, AND REGULATIONS**

15 U.S.C.
§78u-4(a)(1) ...............................................................................................................2
§78u-4(a)(3)(A)(i) .......................................................................................................2
§78u-4(a)(3)(B)(i) .....................................................................................................1, 2
§78u-4(a)(3)(B)(ii) .....................................................................................................1
§78u-4(a)(3)(B)(iii) .....................................................................................................1
§78u-4(a)(3)(B)(iii)(I) .................................................................................................3
§78u-4(a)(3)(B)(iii)(I)(cc) ..........................................................................................3
§78u-4(a)(3)(B)(v) ....................................................................................................1, 5

17 C.F.R.
§240.10b-5 .................................................................................................................1

Federal Rules of Civil Procedure
Rule 23 .......................................................................................................................3

**LEGISLATIVE HISTORY**

H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679.........................4

4889-5074-0464.v1

## I.    INTRODUCTION

The above-captioned case asserts claims against Stellantis N.V. ("Stellantis" or the "Company") and certain of Stellantis's top executives pursuant to the Securities Exchange Act of 1934 ("1934 Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, on behalf of a proposed class of all purchasers or acquirers of Stellantis securities between February 15, 2024 and July 24, 2024, inclusive (the "Class Period").

Pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court "shall appoint the most adequate plaintiff as lead plaintiff" to lead the action.  15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).  City of North Miami Beach General Employees' Retirement Plan and Retirement Plan for Police Officers & Firefighters of the City of North Miami Beach (collectively, the "North Miami Beach Funds") respectfully submit that they are the presumptively most adequate plaintiff in this case because they filed a timely motion in response to a notice, have a significant financial interest in the outcome of this litigation, and will typically and adequately represent the putative class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the North Miami Beach Funds' selection of Robbins Geller Rudman & Dowd LLP as lead counsel for the putative class is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.    FACTUAL BACKGROUND

Stellantis designs, engineers, manufactures, distributes, and sells vehicles.  Stellantis common shares are listed on the New York Stock Exchange under the symbol STLA.

4889-5074-0464.v1

The complaint alleges that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose material adverse facts concerning inventory levels, pricing, and market share stabilizations.

On July 25, 2024, Stellantis announced first half 2024 financial results and disappointing near-term revenue outlook.  On this news, the price of Stellantis stock fell nearly 10% over two trading sessions, damaging investors.

Due to defendants' wrongful acts and omissions, and the declines in the market value of the Company's securities, the North Miami Beach Funds and other putative class members have suffered significant losses and damages.

## III.    ARGUMENT

### A.    The North Miami Beach Funds Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in private actions arising under the 1934 Act brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i).  First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(A)(i).

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I).  The North Miami Beach Funds meet these requirements and should be appointed Lead Plaintiff.

### 1.    The North Miami Beach Funds' Motion Is Timely

On August 15, 2024, the statutory notice was published in this case, advising class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff by October 15, 2024.  *See* Declaration of Chad Johnson in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Johnson Decl."), Ex. A.  Because the North Miami Beach Funds' motion has been filed by the statutory deadline, they are eligible for appointment as lead plaintiff.

### 2.    The North Miami Beach Funds Have a Substantial Financial Interest in the Relief Sought by the Class

As evidenced by their Certifications and loss chart, the North Miami Beach Funds purchased 5,869 shares of Stellantis stock and suffered approximately $42,638 in losses as a result of defendants' alleged violations of the 1934 Act.  *See* Johnson Decl., Exs. B, C.  To the best of their counsel's knowledge, there are no other plaintiffs with a larger financial interest.  Therefore, the North Miami Beach Funds satisfy the PSLRA's prerequisite of having the largest financial interest.

### 3.    The North Miami Beach Funds Are Typical and Adequate

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  At this early stage of litigation, only typicality and adequacy are pertinent.  *See Roofers Local No. 149 Pension Fund v. Amgen Inc.*, 2023 WL 4406286, at *2 (S.D.N.Y. July 7, 2023).  "The typicality requirement is satisfied when the representative party's claims 'arise from the same course of events' as those of the rest of the class, and when that party 'makes similar legal arguments to prove the defendant's

- 3 -

liability.'" *Id.* (citation omitted). "And the adequacy requirement is satisfied where '(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy.'" *Id.* (citation omitted).

Here, the North Miami Beach Funds' claims are typical of those of the class because – like all class members – they purchased Stellantis securities during the Class Period at artificially deflated prices and recognized substantial losses as a result of defendants' alleged misconduct. The North Miami Beach Funds are also adequate because their interests in the action are aligned with the interests of the other members of the class, and they are incentivized to maximize the recovery for putative class members harmed by defendants' alleged wrongdoing.

The North Miami Beach Funds provide retirement and related benefits for North Miami Beach city employees, regular and permanent police officers and firefighters, and their beneficiaries.[1] As sophisticated institutional investors, the North Miami Beach Funds are precisely the type of movants whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA. *See In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 99-100 n.23 (S.D.N.Y. 2005) ("'The legislative history of the PSLRA reflects a preference for institutional investors in the lead plaintiff role.'") (citation omitted); *Malasky v. IAC/Interactivecorp*, 2004 WL 2980085, at *4 (S.D.N.Y. Dec. 21, 2004) (discussing the PSLRA's preference for institutional investors)); *see also* H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in

---

[1]    More information about the North Miami Beach Funds can be found on the City of North Miami Beach website at https://www.citynmb.com/481/General-Employees-Retirement-Board and https://www.citynmb.com/703/Police-Fire-Retirement-Board.

4889-5074-0464.v1

class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions."). And as set forth in more detail below, the North Miami Beach Funds have retained Robbins Geller as lead counsel, a law firm with extensive experience prosecuting securities class actions. Accordingly, the North Miami Beach Funds readily satisfy the adequacy requirement.

Because the North Miami Beach Funds filed a timely motion, have a large financial interest in the relief sought by the class, and demonstrated their typicality and adequacy, the Court should adopt the presumption that they are the "most adequate plaintiff."

### B.      The Court Should Approve the North Miami Beach Funds' Selected Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to this Court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). The North Miami Beach Funds have selected Robbins Geller to serve as lead counsel in this case.[2]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.) (Concerning Robbins Geller's role as sole lead counsel in recovering $1.025 billion for the class in a securities case,

---

[2]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

4889-5074-0464.v1

stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783-LAP (S.D.N.Y.) (Concerning Robbins Geller's role as sole lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers. They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law. I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute. . . . Counsel, you can all be proud of what you've done for your clients. You've done an extraordinarily good job."); *see also Fort Worth Emps.' Ret. Fund v. J.P. Morgan Chase & Co.*, No. 1:09-cv-03701-JPO (S.D.N.Y.) ($388 million recovered as sole lead counsel).

Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[3]

---

[3]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Grp. Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

4889-5074-0464.v1

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, the Court can be assured that by granting this motion, the class will receive the highest caliber of legal representation. Accordingly, the North Miami Beach Funds' selection of Robbins Geller as lead counsel is reasonable and should be approved.

## IV.    CONCLUSION

The North Miami Beach Funds have satisfied each of the PSLRA's requirements for appointment as lead plaintiff. Accordingly, the North Miami Beach Funds respectfully request that the Court grant their motion.

DATED: October 15, 2024                Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
CHAD JOHNSON
NOAM MANDEL


*s/ Chad Johnson*
CHAD JOHNSON

420 Lexington Avenue, Suite 1832
New York, NY  10170
Telephone:  212/432-5100
chadj@rgrdlaw.com
noam@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
MICHAEL ALBERT
KENNETH P. DOLITSKY
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone: 619/231-1058
dmyers@rgrdlaw.com
malbert@rgrdlaw.com
kdolitsky@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

- 7 -

4889-5074-0464.v1

SUGARMAN SUSSKIND BRASWELL
  & HERRERA, P.A.
PEDRO A. HERRERA
150 Alhambra Circle, Suite 725
Coral Gables, FL  33134
Telephone:  305/529-2801
pherrera@sugarmansusskind.com

Additional Counsel

4889-5074-0464.v1