**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| STEVEN LONG, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:24-cv-06196-JHR |
| Plaintiff, | CLASS ACTION |
| v. | |
| STELLANTIS N.V., CARLOS TAVARES, and NATALIE M. KNIGHT, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF BOSTON RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

SUMMARY OF THE ACTION ......................................................................................................... 3

ARGUMENT ...................................................................................................................................... 5

I.      Boston Is The Most Adequate Plaintiff ................................................................................. 5

        A.      Boston's Motion Is Timely ......................................................................................... 5

        B.      Boston Has the Largest Financial Interest in the Relief Sought by the Class .......... 6

        C.      Boston Satisfies the Requirements of Rule 23 ........................................................... 6

II.     The Court Should Approve Boston's Selection of Lead Counsel ......................................... 9

CONCLUSION ................................................................................................................................... 10

## TABLE OF AUTHORITIES

**Cases**                                                                                      **Page(s)**

*Glauser v. EVCI Career Colls. Holding Corp.*,
　236 F.R.D. 184 (S.D.N.Y. 2006) ......................................................................................2, 8

*Goldenberg v. NeoGenomics, Inc.*,
　2023 WL 6389101 (S.D.N.Y. Oct. 2, 2023) ............................................................2, 6, 7, 9

*In re KIT Digit., Inc. Sec. Litig.*,
　293 F.R.D. 441 (S.D.N.Y. 2013) ............................................................................................6

*Morrison v. Nat'l Australia Bank Ltd.*,
　561 U.S. 247 (2010) ................................................................................................................6

*Plumbers, Pipefitters & MES Loc. Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*,
　2011 WL 4831209 (S.D.N.Y. Oct. 12, 2011) .........................................................................7

*In re WorldCom, Inc. Sec. Litig.*,
　219 F.R.D. 267 (S.D.N.Y. 2003) ............................................................................................8

**Statutes**

15 U.S.C. § 78u-4 *et seq.* ..................................................................................... *passim*

**Other Authorities**

Fed. R. Civ. P. 23(a)(4) .............................................................................................................7

H.R. Conf. Rep. No. 104-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995)...................8, 9

Boston Retirement System ("Boston") respectfully submits this memorandum of law in support of its motion, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an order: (1) appointing Boston as Lead Plaintiff; (2) approving its selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class; and (3) granting any such further relief as the Court may deem just and proper.

### PRELIMINARY STATEMENT

The action alleges that Stellantis N.V. ("Stellantis" or the "Company") and certain of the Company's current and former senior executives (collectively, "Defendants") defrauded investors that purchased Stellantis securities during the period from February 15, 2024, through July 24, 2024, inclusive (the "Class Period"), in violation of Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5. Specifically, the action alleges that Defendants made material misrepresentations concerning inventory levels of the Company's vehicles, which Stellantis claimed had stabilized at normalized quantities, as well as the Company's disciplined pricing of its vehicles, which would purportedly offset headwinds and preserve robust profitability. Stellantis investors, including Boston, incurred significant losses when the Company reported that its net profits for the first half of 2024 had declined by nearly 50%, and admitted that vehicle inventory levels were "too high" and that Stellantis' efforts to reduce inventory levels had failed.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The PSLRA creates a presumption that the "most adequate plaintiff" is the movant that has the "largest financial interest" in the relief sought by the Class and that also makes a *prima facie* showing that it meets the typicality and adequacy

requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Goldenberg v. NeoGenomics, Inc.*, 2023 WL 6389101, at *2 (S.D.N.Y. Oct. 2, 2023) (Rearden, J.) (discussing the PSLRA's process for selecting a lead plaintiff). Boston is the "most adequate plaintiff" by virtue of, among other things, the over $1.42 million in losses that it incurred on its Class Period purchases of more than 171,000 shares of Stellantis common stock.[1]

In addition to possessing a substantial financial interest, Boston satisfies the relevant requirements of Rule 23 because its claims are typical of all members of the Class, and it will fairly and adequately represent the interests of the Class. Indeed, Boston is the paradigmatic investor that Congress intended to serve as lead plaintiff under the PSLRA because it is a sophisticated institutional investor and has a substantial financial interest in the litigation. The appointment of Boston as Lead Plaintiff would fulfill this critical legislative purpose. *See Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) (appointing institutional investor that was "precisely the type of sophisticated institutional investor that Congress and this Court have recognized as being ideally suited to control this type of securities class action litigation"). Boston also has experience supervising the work of outside counsel as a lead plaintiff in other securities class actions, and fully understands the Lead Plaintiff's obligations to the Class under the PSLRA and is willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action. Accordingly, Boston has both the incentive and ability to oversee this litigation.

---

[1] Boston's PSLRA-required Certification is provided as Exhibit A to the Declaration of Hannah Ross in Support of the Motion of Boston Retirement System for Appointment as Lead Plaintiff and Approval of Its Selection of Lead Counsel (the "Ross Decl."). In addition, a chart providing calculations of Boston's losses is provided as Exhibit B to the Ross Decl. All internal citations and quotations are omitted unless otherwise noted.

Boston's adequacy is further demonstrated through its selection of Bernstein Litowitz to serve as Lead Counsel for the Class. Bernstein Litowitz is a nationally recognized securities litigation firm that has recovered more than $40 billion for defrauded investors and is eminently qualified to prosecute this case. Accordingly, the Court should approve Boston's selection of Bernstein Litowitz as Lead Counsel.

Based on Boston's significant financial interest in the outcome of this action, and its ability to oversee counsel, Boston respectfully requests that the Court appoint it as Lead Plaintiff and otherwise grant its motion.

## SUMMARY OF THE ACTION

Stellantis is a large multinational automobile manufacturing company. The Company designs, manufactures, and sells vehicles under more than a dozen brands, including American brands Jeep, Chrysler, Dodge, and Ram Trucks, as well as European brands Fiat, Alfa Romeo, and Maserati, among others.

The action alleges that, throughout the Class Period, Defendants made false and misleading statements regarding the Company's operating performance, including its purportedly stabilized inventory levels and the strong pricing dynamics for its vehicles. Specifically, Stellantis claimed that the Company's "record financial results" served as "proof" that Stellantis would "remain rock solid." Regarding its financial outlook, the Company claimed it was well positioned for 2024, pointing investors to several factors that would purportedly create "a supportive revenue backdrop in 2024," including the "benefits of the Company's expected expansion of its product offering." Defendants also provided assurances to investors that the Company had made improvements in vehicle pricing and inventory levels throughout 2023, which they claimed would continue in 2024, stating that "despite our continued focus on disciplined pricing, we don't expect further inventory increases of any materiality in 2024." Stellantis repeatedly claimed that it was poised to deliver

3

on its "minimum commitment of double-digit adjusting operating income (AOI) margin in 2024, as well as positive industrial free cash flow, despite macroeconomic uncertainties."

These and similar statements made throughout the Class Period were false. In truth, significant operational issues negatively impacted the Company's business. Stellantis concealed the full extent of those issues from investors and failed to adequately address them. Stellantis allowed vehicle inventory to balloon to unsustainable levels. In addition, the Company priced its vehicles too high, thereby limiting demand and hurting vehicle sales. The surplus of vehicle inventory and high prices exposed Stellantis to significant risks that it would need to offer purchaser incentives to reduce inventory levels, which would negatively impact the Company's profits. As a result, the Company's positive statements about its business and near-term prospects lacked a reasonable factual basis. As a result of these alleged misrepresentations, Stellantis securities traded at artificially inflated prices throughout the Class Period.

The filed complaint alleges that the truth emerged on July 25, 2024, when Stellantis reported financial results for the first half of 2024 that were well below expectations, including net revenues of €85 billion, down 14% compared to the first half of 2023. Stellantis also reported net profits of €5.6 billion, representing a staggering decline of 48% compared to the prior year period. Stellantis attributed these declines primarily to weaknesses in its key North America region, where Stellantis acknowledged that the Company has "significant work to do" to address inventory management issues and lost market share. Stellantis further acknowledged that the Company's performance "fell short" of its expectations, and was attributable, in part, to Stellantis' "own operational issues." Notably, the Company admitted that, in North America, Stellantis allowed inventory levels to get "too high" and that its plans to fix inventory levels during the first half of 2024 did not work. As a result, Stellantis revealed the need for it to take "decisive actions to address operational challenges" in its North American market, including those related to market

4

share and inventory performance.  Those actions included price reductions and production cuts to improve sales and reduce bloated inventory.  As a result of these disclosures, the price of Stellantis stock declined by $1.94 per share, or approximately 10%, over two trading days.

## ARGUMENT

### I.    Boston Is The Most Adequate Plaintiff

Boston respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA sets forth the procedure that governs the appointment of a lead plaintiff in class actions arising under the federal securities laws and establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  As set forth below, Boston believes that it is the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

### A.    Boston's Motion Is Timely

Under the PSLRA, any Class member may move for appointment as lead plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II).  On August 15, 2024, plaintiff Steven Long ("Long") filed the above-captioned action, asserting claims for violations of Sections 10(b) and 20(a) of the Exchange Act.  That same day, counsel for Long published a notice on *Globe Newswire* alerting investors to the pendency of this action, and informing them of the 60-day deadline to seek appointment as Lead Plaintiff, which is October 15, 2024.  *See* Ross Decl., Ex. C. Accordingly, Boston's motion is timely.

5

**B.      Boston Has the Largest Financial Interest in the Relief Sought by the Class**

Boston should be appointed Lead Plaintiff because it has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  Boston incurred losses of over $1.42 million on its Class Period purchases of 171,662 U.S.-traded shares of Stellantis common stock.  *See* Ross Decl., Exs. A & B.[2]  To the best of Boston's knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation. Accordingly, Boston has the largest financial interest of any qualified movant seeking Lead Plaintiff status and is the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

**C.      Boston Satisfies the Requirements of Rule 23**

In addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  On a motion to serve as Lead Plaintiff, a movant is required to make "only a preliminary showing of typicality and adequacy." *NeoGenomics*, 2023 WL 6389101, at *3; *see also In re KIT Digit., Inc. Sec. Litig.*, 293 F.R.D. 441, 445-46 (S.D.N.Y. 2013) (At the lead plaintiff

---

[2] Stellantis common stock trades in the U.S. on the New York Stock Exchange (the "NYSE"), as well as on other stock exchanges in Europe.  In addition to Boston's transactions in Stellantis stock on the NYSE that are reflected in its Certification and loss calculations, during the Class Period, Boston sold Stellantis shares that it had purchased on non-U.S. exchanges prior to the start of the Class Period.  Generally, investors cannot assert claims under the federal securities laws on securities purchased outside the U.S. *See Morrison v. Nat'l Australia Bank Ltd.*, 561 U.S. 247, 267 (2010) (holding that Section 10(b) of the Exchange Act applies "only [to] transactions in securities listed on domestic exchanges, and domestic transactions in other securities"). Accordingly, Stellantis shares traded on non-U.S. exchanges are not "the subject of the complaint" filed in this action and are not required to be included in a Certification.  15 U.S.C. § 78u-4(a)(2)(A)(iv).  Further, even if those non-U.S. transactions were included in Boston's loss calculations, they would not have any impact on its losses and Boston would remain a "net buyer" of Stellantis shares.

stage, a movant "need only make a preliminary showing that the Rule's typicality and adequacy requirements have been satisfied."). Boston satisfies the typicality and adequacy requirements.

Boston's claims are typical of the claims of other Class members. Typicality is satisfied when the movant's "claims arise from the same conduct from which the other class members' claims and injuries arise." *NeoGenomics*, 2023 WL 6389101, at *4. Boston and all other Class members suffered the same injuries, their claims arise from the same course of events, and their legal arguments to prove Defendants' liability are nearly identical. Like all other Class members, Boston (1) purchased Stellantis securities during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) was damaged as a result. *See id*.; *see also Plumbers, Pipefitters & MES Loc. Union No. 392 Pension Fund v. Fairfax Fin. Holdings Ltd.*, 2011 WL 4831209, at *2 (S.D.N.Y. Oct. 12, 2011) (finding typicality requirement "easily met" when proposed lead plaintiff "asserted that it purchased [company's] securities during the class period and was injured by false and misleading representations made by defendants"). Accordingly, Boston satisfies the typicality requirement.

Boston likewise satisfies the adequacy requirement of Rule 23. Under Rule 23(a)(4), a representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy element of Rule 23 is met when the proposed lead plaintiff shows that: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation, (2) there is no conflict between the proposed lead plaintiff and the members of the class, and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *NeoGenomics*, 2023 WL 6389101, at *4. Boston satisfies these elements because its substantial financial stake in the litigation provides it with the incentive to vigorously represent the Class's claims. Boston's interests are directly aligned with those of the other Class members

and are not antagonistic in any way.  There are no facts to suggest any actual or potential conflict of interest or other antagonism between Boston and other Class members.

Further, Boston has experience serving as a lead plaintiff in other securities class actions and supervising the work of outside counsel, including proposed Lead Counsel, Bernstein Litowitz.  For example, Boston served as a lead plaintiff in *In re Novo Nordisk Securities Litigation*, No. 17-cv-209 (D.N.J.), and recovered $100 million for investors with Bernstein Litowitz as co-lead counsel.  Boston also served as a lead plaintiff in *Hughes v. Huron Consulting Group, Inc.*, No. 09-cv-4734 (N.D. Ill.), with Bernstein Litowitz serving as co-lead counsel, and secured a recovery of $38 million for investors.  Based on its experience serving as a lead plaintiff, Boston fully understands the Lead Plaintiff's obligations under the PSLRA to oversee the litigation separate and apart from counsel, and has submitted a sworn Certification attesting to its willingness, commitment, and ability to fulfill those duties in this action.  *See* Ross Decl., Ex. A.

In addition to possessing the largest financial interest and satisfying the requirements of Rule 23, Boston is precisely the type of Lead Plaintiff envisioned by Congress in its enactment of the PSLRA—a sophisticated institutional investor with a substantial financial interest in the litigation.  *See In re WorldCom, Inc. Sec. Litig.*, 219 F.R.D. 267, 284 (S.D.N.Y. 2003) (explaining that "the PSLRA ensures client control by encouraging the selection of a lead plaintiff who is an institutional investor with the largest financial stake in the action"); *EVCI Career Colls.*, 236 F.R.D. at 188 (noting that "the PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in [securities class] actions"); *see also* H.R. Conf. Rep. No. 104-369, at *34, *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors . . . will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").  Congress reasoned that increasing the role of institutional investors, which typically

have a large financial stake in the outcome of the litigation, would be beneficial because such investors are more apt to effectively manage complex securities litigation. *See* H.R. Conf. Rep. No. 104-369, at *34-35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733-34 (1995). Boston is well suited to fulfill this Congressional intent.

Boston has further demonstrated its adequacy through its selection of Bernstein Litowitz as Lead Counsel to represent the Class in this action. As discussed below, Bernstein Litowitz is highly qualified and experienced in securities class action litigation and has repeatedly demonstrated its ability to conduct complex securities class action litigation effectively. Accordingly, Boston satisfies Rule 23's adequacy requirement.

## II.    The Court Should Approve Boston's Selection of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel for the class, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Courts generally defer to the lead plaintiff's choice of counsel. *See NeoGenomics*, 2023 WL 6389101, at *6 ("There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel.").

Boston has selected Bernstein Litowitz to serve as Lead Counsel for the Class. As detailed in its firm résumé, Bernstein Litowitz is among the preeminent securities class action law firms in the country and has extensive experience serving as lead counsel in securities class actions, including in this District. *See* Ross Decl., Ex. D (Bernstein Litowitz Firm Résumé). For example, Bernstein Litowitz served as lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which settlements totaling over $6 billion—one of the largest recoveries in securities class action history and the largest ever in this District—were obtained for the class. Other significant examples in which courts in this District have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions include: *In re Bank of America Securities Litigation*, No. 09-md-2058 (S.D.N.Y.) (recovering $2.425 billion for investors); *In re*

*Nortel Networks Corp. Securities Litigation*, No. 05-md-1659 (S.D.N.Y.) (recovering $1.07 billion for investors); *In re Wells Fargo & Company Securities Litigation*, No. 20-cv-4494 (S.D.N.Y.) (recovering $1 billion for investors); *In re Citigroup, Inc. Bond Litigation*, 08-cv-9522 (S.D.N.Y.) (recovering $730 million for investors); and *In re Wachovia Corp. Securities Litigation*, 09-cv-6351 (S.D.N.Y.) (recovering $627 million for investors).

Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation.  Accordingly, the Court should approve Boston's selection of Bernstein Litowitz as Lead Counsel for the Class.

## CONCLUSION

For the reasons discussed above, Boston respectfully requests that the Court: (1) appoint it as Lead Plaintiff; (2) approve its selection of Bernstein Litowitz as Lead Counsel for the Class; and (3) grant any such further relief as the Court may deem just and proper.

Dated:  October 15, 2024

Respectfully submitted,

*/s/ Hannah Ross*
Hannah Ross
Avi Josefson
Scott R. Foglietta
**BERNSTEIN LITOWITZ BERGER
  & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

*Counsel for Proposed Lead Plaintiff Boston
Retirement System, and Proposed Lead
Counsel for the Class*

10