UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN LONG, Individually and on Behalf of All Others Similarly Situated, | Case No.  1:24-cv-06196-JHR |
| Plaintiff, | |
| v. | |
| STELLANTIS N.V., CARLOS TAVARES, and NATALIE M. KNIGHT, | |
| Defendants. | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION OF GREGORY RIKARD
FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ...................................................................................................................... 3

      I.      RIKARD SHOULD BE APPOINTED LEAD PLAINTIFF ................................. 3

           A.      Rikard Is Willing to Serve as Class Representative.................................... 4

           B.      Rikard Has the "Largest Financial Interest" in the Action ........................ 5

           C.      Rikard Otherwise Satisfies the Requirements of Rule 23 .......................... 6

           D.      Rikard Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses............................................. 9

      II.      LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ......................................................................................... 9

CONCLUSION.................................................................................................................. 10

i

TABLE OF AUTHORITIES

Page(s)

Cases

*Aude v. Kobe Steel, Ltd.*,
No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ...................................6

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
141 F.R.D. 229 (S.D.N.Y. 1992) ............................................................................................7

*Chahal v. Credit Suisse Grp. AG*,
No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018) ............................5

*Dookeran v. Xunlei Ltd.*,
No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) ........................................8

*Fischler v. AMSouth Bancorporation*,
No. 96-1567-Civ-T-17A, 1997 WL 118429 (M.D. Fla. Feb. 6, 1997) ...................................6

*Foley v. Transocean Ltd.*,
272 F.R.D. 126 (S.D.N.Y. 2011) .............................................................................................8

*Gluck v. CellStar Corp.*,
976 F. Supp. 542 (N.D. Tex. 1997) ..........................................................................................6

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ......................................................................................................5

*In re Comverse Tech., Inc. Sec. Litig.*,
No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) ...................5, 10

*In re Drexel Burnham Lambert Grp., Inc.*,
960 F.2d 285 (2d Cir. 1992) ......................................................................................................7

*In re Molson Coors Brewing Co. Sec. Litig.*,
233 F.R.D. 147 (D. Del. 2005) .................................................................................................9

*In re Olsten Corp. Sec. Litig.*,
3 F. Supp. 2d 286 (E.D.N.Y. 1998) ......................................................................................5, 7

*In re Orion Sec. Litig.*,
No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) ...................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
182 F.R.D. 42 (S.D.N.Y. 1998) ...............................................................................................6

*In re Petrobras Securities Litigation*,
No. 14-cv-09662 (S.D.N.Y.)................................................................................................10

*Janbay v. Canadian Solar, Inc.*,
272 F.R.D. 113 (S.D.N.Y. 2010) ........................................................................................7

*Kaplan v. Gelfond*,
240 F.R.D. 88 (S.D.N.Y. 2007) ..........................................................................................6

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
311 F.R.D. 373 (S.D.N.Y. 2015) .......................................................................................9

*Klein v. Altria Group, Inc. et al*,
No. 3:20-cv-00075 (E.D. Va.) ..........................................................................................10

*Lax v. First Merchants Acceptance Corp.*,
No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997)...............................................5

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) ........................5

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
229 F.R.D. 395 (S.D.N.Y. 2004) .......................................................................................5

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
589 F. Supp. 2d 388 (S.D.N.Y. 2008)................................................................................9

Statutes

15 U.S.C. § 78u-4 ..................................................................................................... *passim*

Private Securities Litigation Reform Act of 1995 .................................................... *passim*

Securities Exchange Act of 1934.....................................................................................1, 5, 7

Rules

Fed. R. Civ. P. 23 ..................................................................................................... *passim*

Gregory Rikard ("Rikard") respectfully submits this memorandum of law in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Rikard as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Stellantis N.V. ("Stellantis" or the "Company") securities between February 15, 2024 and July 24, 2024, both dates inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

PRELIMINARY STATEMENT

The complaint ("Complaint") (Dkt. No. 1) in the above-captioned action (the "Action") alleges that Defendants defrauded investors in violation of the Exchange Act. Stellantis investors, including Rikard, incurred significant losses following the disclosures of Defendants' alleged fraud, which caused Stellantis's stock price to fall sharply, damaging Rikard and other Stellantis investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). During the Class Period, Rikard purchased 8,000 shares of Stellantis stock, expended $206,400 on these purchases, retained 8,000 of his shares of Stellantis stock, and, as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $82,838 in connection with his Class Period transactions in Stellantis securities. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A.

1

Accordingly, Rikard believes that he has the largest financial interest in the relief sought in this Action. Beyond his considerable financial interest, Rikard also meets the applicable requirements of Rule 23 because his claims are typical of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Rikard has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.

Accordingly, Rikard respectfully requests that the Court enter an Order appointing Rikard as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel for the Class.

STATEMENT OF FACTS

As alleged in the Complaint in the Action, Stellantis designs, engineers, manufactures, distributes and sells vehicles across five portfolios: (i) luxury vehicles under the Maserati brand; (ii) premium vehicles covered by Alfa Romeo, DS and Lancia brands; (iii) global sport utility vehicles under the Jeep brand; (iv) American brands covering Dodge, Ram and Chrysler vehicles and (v) European brands covering Abarth, Citroën, Fiat, Opel, Peugeot and Vauxhall vehicles.

Defendants provided investors with material information regarding Stellantis' expected revenue for the full year 2024. Defendants' statements included, among other things, Stellantis' reduction of inventory levels, pricing improvements, and expansion of its product offering thereby supporting Defendants' decision to forecast double-digit adjusted operating income (AOI) margin in 2024, as well as positive industrial free cash flow.

2

Defendants provided these overwhelmingly positive statements to investors while, at the same time, disseminating materially false and misleading statements and/or concealing material adverse facts concerning inventory levels, pricing and market share stabilizations. This caused Plaintiff and other shareholders to purchase Stellantis' securities at artificially inflated prices.

The truth emerged on July 25, 2024 when Defendants issued a press release announcing their financials for the first half of 2024. In pertinent part, Defendants results missed consensus and were expected a disappointing "near – term outlook."

Investors and analysts reacted immediately to Stellantis' revelation. The price of Stellantis' common stock declined dramatically. From a closing market price of $19.60 per share on July 24, 2024 to $17.66 per share on July 26, 2024.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Rikard and other Class members have suffered significant losses and damages.

ARGUMENT

I.    RIKARD SHOULD BE APPOINTED LEAD PLAINTIFF

Rikard should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in the Action to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). In addition, the PSLRA directs courts to consider any motion to serve as lead

3

plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Rikard satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

A.    Rikard Is Willing to Serve as Class Representative

On August 15, 2024, counsel for plaintiff in the Action caused the statutorily required Notice of this Action to be published via *Globe Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against Stellantis and other defendants, and which advised investors in Stellantis securities that they had until October 15, 2024—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. B.

Rikard has filed the instant motion pursuant to the Notice, and has attached a sworn Certification attesting that he is willing to serve as a representative for the Class and to provide

testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Rikard satisfies the first requirement to serve as Lead Plaintiff of the Class.

        B.      Rikard Has the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, Rikard has the largest financial interest of any Stellantis investor or investor group seeking to serve as Lead Plaintiff. For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide, these so-called *Lax* factors have been adopted and routinely applied by courts in this District. *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004); *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-8 (E.D.N.Y. Mar. 2, 2007).

During the Class Period, Rikard: (1) purchased 8,000 shares of Stellantis stock; (2) expended $206,400 on his purchases of Stellantis stock; (3) retained 8,000 of his shares of

5

Stellantis stock; and (4) as a result of the disclosures of Defendants' alleged fraud, incurred losses of approximately $82,838 in connection with his Class Period transactions in Stellantis securities. *See* Lieberman Decl., Ex. A. To the extent that Rikard possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

   C.  Rikard Otherwise Satisfies the Requirements of Rule 23

   Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

   In making its determination that a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23." *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required."). In addition, "[t]ypicality and adequacy of representation are the only provisions [of Rule 23] relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997), and *Fischler v.*

*AMSouth Bancorporation*, No. 96-1567-Civ-T-17A, 1997 WL 118429, at *2 (M.D. Fla. Feb. 6, 1997)); *Olsten*, 3 F. Supp. 2d at 296.  Moreover, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Rikard.

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'"  *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).  "[T]he claims of the class representative need not be identical [to] those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'"  *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (S.D.N.Y. 1992)).

Rikard's claims are typical of those of the Class.  Rikard alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Stellantis, or by omitting to state material facts necessary to make the statements they did make not misleading.  Rikard, like other Class members, purchased Stellantis securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Stellantis's share price downward.  These shared claims, which are based on the same legal

7

theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, in Pomerantz, Rikard has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz to the Court for approval as Lead Counsel for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  There is no evidence of antagonism or conflict between Rikard's interests and those of the Class.  Moreover, Rikard has submitted a signed Certification declaring his commitment to protect the interests of the Class (*see* Lieberman Decl., Ex. C), and his significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Further demonstrating his adequacy, Rikard has submitted a signed Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See id.*, Ex. D.

8

    D.        Rikard Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption in favor of appointing Rikard as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

    (aa)    will not fairly and adequately protect the interests of the class; or

    (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Rikard's ability and desire to fairly and adequately represent the Class has been discussed above.  Rikard is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Rikard should be appointed Lead Plaintiff for the Class.

II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  *See id.* § 78u-4(a)(3)(B)(v).  The Court should only interfere with a lead plaintiff's choice if necessary to "protect the interests of the class."  *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, Rikard has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as

9

detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. E. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *Id.*

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, Rikard's counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Rikard's selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

CONCLUSION

For the foregoing reasons, Rikard respectfully requests that the Court issue an Order: (1) appointing Rikard as Lead Plaintiff for the Class; and (2) approving Rikard's selection of Pomerantz as Lead Counsel for the Class.

Dated:  October 15, 2024

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman

10

J. Alexander Hood II
Thomas H. Przybylowski
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Gregory Rikard and Proposed Lead
Counsel for the Class*

11