**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| STEVEN LONG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> STELLANTIS N.V., CARLOS TAVARES, and NATALIE M. KNIGHT, <br><br> Defendants. | Case No. 1:24-cv-06196-JHR <br><br> <u>CLASS ACTION</u> |

**BOSTON RETIREMENT SYSTEM'S MEMORANDUM OF LAW IN OPPOSITION TO**
**<u>THE COMPETING MOTIONS FOR APPOINTMENT AS LEAD PLAINTIFF</u>**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT ...................................................................................................................... 3

      A.      Boston Should Be Appointed Lead Plaintiff ........................................................... 3

              1.      Boston Has The Largest Financial Interest ................................................... 4

              2.      Boston Satisfies The Requirements Of Rule 23 ........................................... 5

              3.      The Presumption In Favor Of Appointing Boston As Lead Plaintiff Cannot Be Rebutted ................................................................................... 7

      B.      The Court Should Approve Boston's Selection Of Lead Counsel ......................... 7

CONCLUSION .................................................................................................................... 8

i

## TABLE OF AUTHORITIES

**Cases**                                                                                        **Page(s)**

*Armstrong v. Med. Properties Tr., Inc.*,
   2024 WL 3784445 (S.D.N.Y. Aug. 13, 2024) ........................................................................5

*City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*,
   2019 WL 364570 (S.D.N.Y. Jan. 30, 2019) .........................................................................3, 4

*Dookeran v. Xunlei Ltd.*,
   2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018).........................................................................5

*In re Facebook, Inc., IPO Sec. & Derivative Litig.*,
   288 F.R.D. 26 (S.D.N.Y. 2012) ............................................................................................7

*Faris v. Longtop Fin. Techs. Ltd.*,
   2011 WL 4597553 (S.D.N.Y. Oct. 4, 2011) ..........................................................................7

*Glauser v. EVCI Career Colls. Holding Corp.*,
   236 F.R.D. 184 (S.D.N.Y. 2006) ..........................................................................................7

*Goldenberg v. NeoGenomics, Inc.*,
   2023 WL 6389101 (S.D.N.Y. Oct. 2, 2023) ................................................................ *passim*

*Reitan v. China Mobile Games & Entm't Grp., Ltd.*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014).....................................................................................6

*Woburn Ret. Sys. v. Salix Pharms. Ltd.*,
   2015 WL 1311073 (S.D.N.Y. Mar. 23, 2015) ......................................................................4

**Statutes**

15 U.S.C. § 78u-4 *et seq.* ....................................................................................3, 5, 6, 7

**Other Authorities**

H.R. Conf. Rep. No. 103-369 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995).......................6

Boston respectfully submits this memorandum of law in opposition to the competing motions for appointment as Lead Plaintiff (*see* ECF Nos. 6, 9, and 19).[1]

**PRELIMINARY STATEMENT**

Boston is the presumptive Lead Plaintiff in this case by virtue of the more than $1.42 million loss that it incurred on its Class Period investments in Stellantis common stock.  As a sophisticated institutional investor, Boston has also demonstrated its adequacy to prosecute this case.  Boston's loss is multiples greater than the losses of all other movants combined.  Further, no other movant can offer any evidence, let alone "proof," that Boston cannot fairly and adequately represent the interests of the Class.

In addition to Boston, four other motions were filed by putative Class members seeking appointment as Lead Plaintiff: (1) Thomas Trapp ("Trapp") (ECF No. 6); (2) Mark Lim ("Lim") (ECF No. 9); (3) City of North Miami Beach General Employees' Retirement Plan and Retirement Plan for Police Officers & Firefighters of the City of North Miami Beach ("North Miami Beach Funds") (ECF No. 12); and (4) Gregory Rikard ("Rikard") (ECF No. 19).  Of these movants, Boston unquestionably possesses the largest financial interest in this litigation.  *See Goldenberg v. NeoGenomics, Inc.*, 2023 WL 6389101, at *3 (S.D.N.Y. Oct. 2, 2023) (Rearden, J.) ("Consistent with other courts in this Circuit, [courts in this District] place the greatest emphasis on the approximate loss suffered by the movant.") (alteration in original).

As demonstrated by the chart below, Boston's loss is ***ten times greater*** than the loss claimed by the next largest movant.  Indeed, Boston's loss is ***nearly five times*** the size of the losses asserted by all other movants ***combined***.

---

[1] All capitalized terms are defined in Boston's opening brief, unless otherwise indicated.  *See* ECF No. 18.  All emphasis is added, and all internal citations omitted unless noted.



Moreover, Boston purchased more Stellantis shares on a gross and net basis, and made a larger net expenditure to acquire those shares, than all other movants combined.  Thus, by any relevant metric, Boston possesses the largest financial interest in the litigation.  In recognition that Boston has the largest financial interest and is an otherwise typical and adequate Class representative, the North Miami Beach Funds have withdrawn their motion (*see* ECF No. 26), and Rikard has indicated that he does not oppose the appointment of Boston as Lead Plaintiff (*see* ECF No. 25).

Boston also satisfies the typicality and adequacy requirements of Rule 23, and is well suited to represent all Class members.  *See NeoGenomics*, 2023 WL 6389101, at *3 ("At this stage in the litigation, only a preliminary showing of typicality and adequacy is required.").  Boston is a sophisticated institutional investor that fully understands the Lead Plaintiff's obligations to the Class under the PSLRA, and is willing and able to undertake those responsibilities to ensure the vigorous prosecution of this action.  Boston is committed to actively overseeing the prosecution of this litigation, and has selected Bernstein Litowitz—a law firm with extensive experience prosecuting securities class actions—as Lead Counsel for the Class.

2

Because Boston has the largest financial interest in the litigation and has made a *prima facie* showing of its typicality and adequacy, Boston is entitled to a presumption that it is the "most adequate plaintiff." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). That presumption can only be rebutted "upon proof" that Boston is atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). No such "proof" exists, and there are no legitimate grounds to challenge Boston's typicality or adequacy.

Accordingly, the Court should appoint Boston as Lead Plaintiff and approve its selection of Bernstein Litowitz as Lead Counsel for the Class.

## ARGUMENT

### A.  Boston Should Be Appointed Lead Plaintiff

The PSLRA establishes a strong presumption that the Lead Plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also NeoGenomics*, 2023 WL 6389101, at *2 (discussing the PSLRA's process for selecting a lead plaintiff). To trigger this presumption, the movant that has the largest financial interest need only "make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, 2019 WL 364570, at *4 (S.D.N.Y. Jan. 30, 2019). Once this presumption attaches, it can only be rebutted with "proof" that the presumptive Lead Plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also NeoGenomics*, 2023 WL 6389101, at *4 (noting that the PSLRA requires "proof" that the presumptive lead plaintiff is inadequate). Boston is the presumptive Lead Plaintiff in this action and no "proof" exists to rebut that presumption. Accordingly, Boston is entitled to appointment as Lead Plaintiff.

1.    **Boston Has The Largest Financial Interest**

When assessing which movant has asserted the largest financial interest in the litigation, courts in this District consider a movant's loss as the most important factor. *See, e.g.*, *Macquarie Infrastructure*, 2019 WL 364570, at \*4 ("The magnitude of the loss is the most significant factor."); *Woburn Ret. Sys. v. Salix Pharms. Ltd.*, 2015 WL 1311073, at \*4 (S.D.N.Y. Mar. 23, 2015) ("The most important factor is financial loss.").

As illustrated in the chart below, Boston's loss of more than $1.42 million is ten times larger than the loss incurred by Trapp, the movant asserting the next largest loss. Further, Boston's loss is nearly five times greater than the combined losses claimed by all the other movants. Boston also has the largest financial interest based on other factors courts consider in making that determination, having purchased the most total shares, purchased the most net shares, and expended the most net funds, with each of those factors being multiples larger than the other movants combined:[2]

| Movant[3] | Reported Loss | Shares Purchased | Net Shares Purchased | Net Funds Expended |
|---|---|---|---|---|
| **Boston** | **$1,427,495** | **171,662** | **171,662** | **$4,102,088** |
| | | | | |
| Trapp | $141,995 | 14,401 | 14,401 | $364,422 |
| | | | | |
| Rikard | $82,838 | 8,000 | 8,000 | $206,400 |
| | | | | |
| ~~North Miami Beach Funds~~ | $42,638 | 5,869 | 5,869 | $134,083 |
| | | | | |
| Lim | $21,507 | 2,222 | 2,222 | $49,993 |

---

[2] *See NeoGenomics*, 2023 WL 6389101, at \*3 (noting that courts in the Second Circuit apply the following factors to determine which movant has the largest financial interest: "(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period; (3) the net funds expended during the class period; and (4) the approximate losses suffered").

[3] These figures are taken from each movant's respective filing. *See* ECF Nos. 8-2, 11-3, 14-3, 21-2, and 24-1.

4

There can be no credible dispute that Boston has "the largest financial interest in the relief sought by the class" and is entitled to be appointed Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 2. Boston Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Boston satisfies the typicality and adequacy requirements of Rule 23.  At the lead plaintiff stage, a movant must make only a preliminary showing that it satisfies Rule 23's typicality and adequacy requirements.  *See Armstrong v. Med. Properties Tr., Inc.*, 2024 WL 3784445, at *4 (S.D.N.Y. Aug. 13, 2024) ("The parties moving for lead plaintiff are only required to make a prima facie showing that they meet the Rule 23 prerequisites, and courts need only consider the typicality and adequacy requirements.").  Boston unquestionably satisfies both requirements.

As demonstrated in its opening brief, Boston is a typical Class representative.  *See* ECF No. 18 at 6-7.  Like all other Class members, Boston (1) purchased Stellantis securities during the Class Period, (2) at prices artificially inflated by Defendants' alleged materially false and misleading statements and/or omissions, and (3) was damaged as a result of Defendants' alleged fraud.  *See NeoGenomics*, 2023 WL 6389101, at *4 (finding that movant alleged the "hallmarks of typicality under Rule 23(a)" because movant purchased company's securities at prices artificially inflated by defendants' misrepresentations and suffered damages as a result); *see also Dookeran v. Xunlei Ltd.*, 2018 WL 1779348, at *3 (S.D.N.Y. Apr. 12, 2018) (finding typicality requirement "easily met" when the proposed lead plaintiff "asserted that it purchased [the company's] securities during the class period and was injured by false and misleading representations made by defendants").  Thus, Boston satisfies the typicality requirement.

5

Boston also satisfies Rule 23's adequacy requirement because it is capable of "fairly and adequately protect[ing] the interests of the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  There is no conflict between Boston's interests and those of the other Class members.  To the contrary, the interests of Boston and other Class members are directly aligned because all suffered damages from their purchases of Stellantis securities at prices that were artificially inflated by Defendants' alleged misconduct.  As discussed above, Boston has a substantial financial interest that provides it with the incentive to ensure the vigorous prosecution of this litigation, and has the experience to prosecute this action efficiently and in the best interests of the Class.

Moreover, Boston is a sophisticated institutional investor and is the paradigmatic Lead Plaintiff envisioned by Congress in its enactment of the PSLRA.  *See* H.R. Conf. Rep. No. 103-369, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995) (explaining that "increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"); *Reitan v. China Mobile Games & Entm't Grp., Ltd.*, 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) (collecting cases and recognizing that "many courts have demonstrated a clear preference for institutional investors to be appointed as lead plaintiffs").  Thus, Boston has both the incentive and ability to supervise and monitor counsel.

Boston has further demonstrated its adequacy through its selection of Bernstein Litowitz as Lead Counsel for the Class.  Bernstein Litowitz is experienced in prosecuting securities class actions and highly capable of managing complex litigation effectively.  *See* ECF No. 21-4.  Thus, Boston satisfies the adequacy requirement.

Accordingly, Boston has made the requisite preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23 and should be appointed Lead Plaintiff.

**3.      The Presumption In Favor Of Appointing Boston As Lead Plaintiff Cannot Be Rebutted**

To overcome the strong presumption entitling Boston to appointment as Lead Plaintiff, the PSLRA requires the other movants to present "proof" that Boston is atypical or inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012) (requiring "exacting proof . . . to rebut the PSLRA's presumption"); *Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 189-90 (S.D.N.Y. 2006) (rejecting "speculative and hypothetical argument that [presumptive lead plaintiff] *might* be subject to a later attack by Defendants") (emphasis in original).  No such proof exists in this case, and there can be no credible arguments to the contrary.  Recognizing this, the North Miami Beach Funds withdrew their motion (*see* ECF No. 26), and Rikard does not oppose the appointment of Boston as Lead Plaintiff (*see* ECF No. 25).

Because Boston has met all the requirements for appointment as Lead Plaintiff, the Court need not consider the competing motions.  *See Faris v. Longtop Fin. Techs. Ltd.*, 2011 WL 4597553, at *8 (S.D.N.Y. Oct. 4, 2011) ("[T]he inquiry can stop here, now that the Court has determined [which movant] has the largest financial interest and is otherwise typical and adequate.").

**B.      The Court Should Approve Boston's Selection Of Lead Counsel**

The PSLRA grants the Lead Plaintiff with the power to select and retain counsel for the Class, subject to the Court's approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." *NeoGenomics*, 2023 WL 6389101, at *6.  Boston has selected Bernstein Litowitz as proposed Lead Counsel for the Class.  Bernstein Litowitz is among the preeminent securities class action law firms in the country and has recovered over $40 billion for investors in securities class actions and

obtained groundbreaking corporate governance reforms. *See* ECF No. 21-4. Bernstein Litowitz has a long history of successfully prosecuting federal securities class actions, including achieving several landmark recoveries in cases that were litigated in this District. *See* ECF No. 18 at 9-10. This prior experience demonstrates that Bernstein Litowitz is eminently qualified to represent the Class in this action. Accordingly, the Court should approve Boston's selection of Bernstein Litowitz as Lead Counsel for the Class.

## CONCLUSION

For the reasons discussed above and in its opening brief, Boston respectfully requests that the Court: (1) appoint it as Lead Plaintiff; (2) approve its selection of Bernstein Litowitz as Lead Counsel for the Class; and (3) grant any other relief that the Court may deem just and proper.

Dated: October 29, 2024      Respectfully submitted,

       */s/ Hannah Ross*
       Hannah Ross
       Avi Josefson
       Scott R. Foglietta
       **BERNSTEIN LITOWITZ BERGER**
        **& GROSSMANN LLP**
       1251 Avenue of the Americas
       New York, New York 10020
       Telephone: (212) 554-1400
       Facsimile: (212) 554-1444
       hannah@blbglaw.com
       avi@blbglaw.com
       scott.foglietta@blbglaw.com

       *Counsel for Proposed Lead Plaintiff Boston Retirement System, and Proposed Lead Counsel for the Class*