## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVEN LONG, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>STELLANTIS N.V., CARLOS TAVARES, and NATALIE M. KNIGHT,<br><br>Defendants. | Case No. 1:24-cv-06196-JHR<br><br>CLASS ACTION |

## DECLARATION OF TIMOTHY J. SMYTH IN SUPPORT OF THE MOTION OF BOSTON RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL

I, Timothy J. Smyth, declare as follows:

1.      I respectfully submit this declaration in support of the motion of Boston Retirement System ("Boston") for appointment as Lead Plaintiff and approval of its selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") to serve as Lead Counsel in the above-captioned securities class action.

2.      I serve as Executive Officer of Boston.  I am authorized to make this declaration on behalf of Boston and have personal knowledge about the information in this declaration.

3.      Boston is a public pension fund that provides retirement benefits to all employees of the City of Boston, Massachusetts, as well as its autonomous agencies.  As of September 30, 2024, Boston managed approximately $7.4 billion in assets on behalf of approximately 36,500 members and beneficiaries.  As reflected in its motion for appointment as Lead Plaintiff, Boston purchased a significant number of shares of Stellantis N.V. during the class period—giving Boston, by far, the largest financial interest of any Lead Plaintiff movant in this case—and suffered substantial damages as a result of the violations of the federal securities laws alleged in this action.

4.      I have reviewed the October 29, 2024, brief opposing Boston's motion for appointment as Lead Plaintiff filed by competing movant, Thomas Trapp ("Trapp").  I submit this declaration to respond to certain arguments and to address certain inaccuracies made in Trapp's opposition brief.

5.      As Executive Officer of Boston, I have been entrusted to safeguard the retirement benefits for each of Boston's members and beneficiaries.  As part of my responsibilities as Executive Officer of Boston, I, along with Boston's General Counsel, oversee all outside counsel retained by or on behalf of Boston in the securities litigation context—including Bernstein Litowitz, Boston's proposed Lead Counsel in this case.  Along with Boston's General Counsel, I

am involved in overseeing the prosecution of each matter and I, among others, review pleadings, sit for depositions, and participate in mediations, during which I take an active role. I am involved in all discussions regarding case strategy, trial strategy, and settlement. I, along with Boston's General Counsel, also communicate on a regular basis with the outside counsel with whom Boston works in securities litigation matters and review regular updates regarding all aspects of the particular case, including the progress of discovery and the filing of significant pleadings and court orders. In each such case, Boston is committed to devoting the necessary resources, personnel, and attention in order to maximize the recovery for the benefit of Boston's members and beneficiaries and all class members.

6.      As a result of Boston's devoted efforts, Boston has achieved significant recoveries on behalf of investors when serving as a lead plaintiff in securities class actions under the Private Securities Litigation Reform Act of 1995. Boston's achievement of outstanding results in other securities class actions further highlights Boston's adequacy to serve as Lead Plaintiff in this case. *See, e.g., Boston Ret. Sys. v. Uber Techs., Inc.*, No. 19-cv-6361 (N.D. Cal.) (Boston, as sole lead plaintiff, recovered $200 million for investors, pending final court approval); *In re Fannie Mae 2008 Sec. Litig.*, No. 08-cv-7831 (S.D.N.Y.) (Boston, as co-lead plaintiff, recovered $170 million for investors); *In re Novo Nordisk Sec. Litig.*, No. 17-cv-209 (D.N.J.) (Boston, as co-lead plaintiff, recovered $100 million for investors, with Bernstein Litowitz as co-lead counsel); *Rubin v. MF Global, Ltd.*, No. 08-cv-2233 (S.D.N.Y.) (Boston, as co-lead plaintiff, recovered $90 million for investors); *Allison v. Oak Street Health, Inc.*, No. 22-cv-149 (N.D. Ill) (Boston, as co-lead plaintiff, recovered $60 million for investors, pending final court approval); *In re Nu Skin Enterprises, Inc. Sec. Litig.*, No. 14-cv-33 (D. Utah) (Boston, as sole lead plaintiff, recovered $47 million for investors); *In re Huron Consulting Grp., Inc. Sec. Litig.*, No. 09-cv-4734 (N.D. Ill.) (Boston, as

2

co-lead plaintiff, recovered $38 million for investors, with Bernstein Litowitz as co-lead counsel). During the pendency of each of those cases, Boston was also actively involved as a lead plaintiff in other securities class actions, thus demonstrating that Boston has the experience, capacity, and resources to manage the successful prosecution of multiple, complex securities class actions at the same time.

7.      I have reviewed the brief filed by Trapp, and can attest that the suggestion that Boston does not have sufficient resources or otherwise lacks the ability or commitment necessary to oversee this matter due to Boston's involvement in other litigation is wrong. Boston's extensive experience serving as lead plaintiff in prior securities class actions benefits, rather than detracts, from the representation it will provide to class members in this case. Through that experience, Boston has developed effective methods and practices to oversee the work of counsel, and to ensure that each case in which Boston serves as lead plaintiff is prosecuted vigorously, efficiently, and in a cost-effective manner.

8.      Trapp is also wrong when he suggests that the publicly available minutes of meetings held by Boston's Board, which do not indicate any discussion of securities cases, somehow demonstrate that Boston cannot adequately oversee the cases in which it has an active role. The securities cases in which Boston serves as a lead plaintiff are routinely discussed during Boston's Board meetings. Those discussions, however, take place during private executive sessions, pursuant to a litigation strategy exception to discussions had during adminsitrative sessions. Unlike discussions during administrative sessions, the details of which are publicly disclosed, discussions during executive sesssions include privileged or confidential communications that are not made available to the public. Moreover, in addition to updates during monthly Board meetings, members of Boston's staff provide Boston's Board members with

3

updates regarding material developments in securities litigation matters and significant pleadings and court orders, as well as other updates from Boston's outside counsel. Further, court documents and correspondence with Boston's outside counsel are stored in a shared electronic folder, to which members of Boston's Board have access.

9.     I firmly believe that Boston's experience in prior litigation, and my and Boston's General Counsel's personal involvement in all ongoing securities class action lawsuits in which Boston has a role, as well as Boston's selection and oversight of highly qualified counsel, enhances recoveries obtained for investors. It is these qualities that I believe make Boston an excellent and worthy Lead Plaintiff in this case.

10.     If Boston is appointed as Lead Plaintiff in this action, Boston will devote the same resources, personnel, and attention to this matter that it does in every case Boston prosecutes in order to obtain the maximum possible recovery for the class. Trapp's contention that Boston may not be able to adequately monitor numerous cases and counsel simultaneously is baseless and incorrect, and has been disproved by Boston's prior success in contemporaneously prosecuting multiple securities class actions.

11.     Boston has the sophistication, experience, and resources necessary to effectively litigate this action and supervise counsel. I take the fiduciary obligations owed by a lead plaintiff to the class seriously and hereby reaffirm Boston's commitment to maximize the potential recovery for the class, actively monitor counsel, and to otherwise fulfill the duties that Boston will assume if appointed as Lead Plaintiff.

**[REMAINDER INTENTIONALLY BLANK]**

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge.

Executed this __/__ day of November, 2024.

Timothy J. Smyth
Executive Officer
*On behalf of Boston Retirement System*