**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

STEVEN LONG, Individually and on Behalf
of All Others Similarly Situated,

        Plaintiff,

v.

STELLANTIS N.V., CARLOS TAVARES,
and NATALIE M. KNIGHT,

        Defendants.

Case No.: 1:24-cv-06196-JHR

Hon. Jennifer H. Rearden

**MOVANT THOMAS TRAPP'S REPLY**
**IN FURTHER SUPPORT OF HIS MOTION FOR APPOINTMENT**
**<u>AS LEAD PALITNIFF AND SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

I.      PRELIMINARY STATEMENT ............................................................................. 1

II.     ARGUMENT.................................................................................................. 2

        A.    Boston Fails to Address Its Professional Plaintiff Status. ..................................... 2

        B.    No Proof Exists to Rebut the Presumption in Favor Mr. Trapp's Appointment as
              Lead Plaintiff. ....................................................................................... 5

III.    CONCLUSION.............................................................................................. 6

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Allergan PLC Sec. Litig.*,
No. 18-CV-12089, 2020 U.S. Dist. LEXIS 179371 (S.D.N.Y. Sept. 29, 2020)...................4, 5

*Aronson v. McKesson HBOC, Inc.*,
79 F. Supp. 2d 1146 (N.D. Cal. 1999) ...............................................................................1, 2

*Cambridge Ret. Sys. v. Mednax, Inc.*,
No. 0:18-cv-61572-WPD, 2018 U.S. Dist. LEXIS 222766 (S.D. Fla. Dec. 21, 2018) ............3

*Chiaretti v. Orthodontic Ctrs. of Am., Inc.*,
No. 03-1027 Section "F", 2003 U.S. Dist. LEXIS 25264 (E.D. La. Aug. 28, 2003)................4

*Herrgott v. United States Dist. Court for the N. Dist. of Cal.(In re Cavanaugh)*,
306 F.3d 726, 737 n.20 (9th Cir. 2002) ....................................................................................3

*In re Enron Corp., Sec. Litig.*,
206 F.R.D. 427, 457 (S.D. Tex. 2002)......................................................................................3

*In re Facebook, Inc.*,
288 F.R.D. 26, 40 (S.D.N.Y. Dec. 6, 2012)..............................................................................5

*Foley v. Transocean Ltd.*,
272 F.R.D. 126, 133 (S.D.N.Y. 2011) .......................................................................................5

*In re KIT Digital, Inc. Sec. Litig.*,
293 F.R.D. 441, 443 (S.D.N.Y. 2013) .....................................................................................1

*Knurr v. Orbital ATK, Inc.*,
220 F. Supp. 3d 653, 662-63 (E.D. Va. 2016) .........................................................................3

*Olsen v. N.Y. Cmty. Bancorp., Inc.*,
233 F.R.D. 101, 105 (E.D.N.Y. 2005) ......................................................................................1

*Steiner v. Aurora Foods Inc.*,
No. C 00-602 CW, 2000 U.S. Dist. LEXIS 20341 (N.D. Cal. June 5, 2000)...........................3

*In re Telxon Corp. Sec. Litig.*,
67 F. Supp. 2d 803, 820 (N.D. Ohio 1999)...............................................................................4

*In re Turquoise Hill Res. Ltd.*,
No. 20-cv-8585 (LJL), 2021 U.S. Dist. LEXIS 8840 (S.D.N.Y. Jan. 15, 2021) ......................5

*In re Unumprovident Corp. Sec. Litig.*,
No. 1:03-CV-049, 2003 U.S. Dist. LEXIS 24633 (E.D. Tenn. Nov. 6, 2003) .........................4

**Statutes**

15 U.S.C. §78u-4 ........................................................................................................... *passim*

## I.    PRELIMINARY STATEMENT

Only two motions for lead plaintiff remain: (1) Thomas Trapp; and (2) the Boston Retirement System ("Boston").[1] Mr. Trapp is the presumptive lead plaintiff as he has the largest financial interest of any movant who **also** satisfies the Rule 23 requirements**.** Mr. Trapp suffered a loss of $141,994.88 from trading in Stellantis N.V. securities. He is a sophisticated businessman with twenty-five years of experience trading in securities and easily meets the typicality and adequacy requirements of Rule 23. *See* Dkt. No. 27 (Mr. Trapp's Opposition Brief). Mr. Trapp, therefore, is the presumptive lead plaintiff pursuant to the PSLRA and applicable case law.

Although Boston claims larger losses than Mr. Trapp, it is in violation of the PSLRA's bar against "professional plaintiffs." *See* 15 U.S.C. §78u-4(A)(3)(B)(vi). One of the cornerstones of the PSLRA is to safeguard against lawyer-driven litigation. *See* 15 U.S.C. §78u-4(A)(3)(B)(vi) (". . . consistent with the purposes of this section, a person may be a lead plaintiff . . . in no more than 5 securities class actions . . . during any 3-year period."); *see also Aronson v. McKesson HBOC, Inc*., 79 F. Supp. 2d 1146, 1156 (N.D. Cal. 1999) (recognizing that this "provision gives the court considerable discretion to bar repeat litigants, creating a rebuttable presumption that the same plaintiff should not direct more than five securities class actions in three years" and barring institution from service as lead plaintiff). Boston shows a blatant lack of supervision for the many cases it is currently serving, or attempting to serve, as lead plaintiff. Boston fails to provide

---

[1] On October 29, 2024, the day oppositions were due, movant Gregory Rikard filed a notice of non-opposition, and movants City of North Miami Beach General Employees' Retirement Plan and Retirement Plan for Police Officers & Firefighters of the City of North Miami Beach withdrew their motion. Dkt. Nos. 25 and 26. Movant Mark Lim failed to file a response, thus effectively abandoning his motion. *See Olsen v. N.Y. Cmty. Bancorp., Inc.,* 233 F.R.D. 101, 105 (E.D.N.Y. 2005) (lead plaintiff movants "failed to file any opposition papers in response to the other applicants' motions and, thus, have presumably withdrawn their applications"); *In re KIT Digital, Inc. Sec. Litig.*, 293 F.R.D. 441, 443 (S.D.N.Y. 2013) (lead plaintiff movants "did not file opposition briefs, and thus the Court deems their applications abandoned or withdrawn").

assurances in its opening and opposition briefs of how it will effectively represent the class in this action, even though it has served as the lead plaintiff and/or class representative in eight different cases within the past three years. *See* Dkt. No. 27 (Mr. Trapp's Opposition Brief). Boston's actions warrant careful scrutiny, considering its monthly meeting minutes indicate zero discussion over the cases. *See* Dkt. No. 28-1 (Minutes from Boston's 2024 Monthly Meetings). Appointing Boston as the lead plaintiff in this case would create a host of unnecessary risks for the class, where as Mr. Trapp stands ready, willing, and able to zealously serve as lead plaintiff. Accordingly, the Court should reject Boston's motion, and grant Mr. Trapp's motion in its entirety.

## II.      ARGUMENT

### A.      Boston Fails to Address Its Professional Plaintiff Status.

In its opposition brief, Boston claims that it is entitled to the "most adequate plaintiff" presumption simply because it is a "sophisticated institutional investor" and claims to have the largest financial interest. *See* ECF No. 29 (Boston's Opposition Brief). But this is entirely against both the PSLRA and case law. Not only does the "most adequate plaintiff" need to have the "largest financial interest" they must *also* satisfy Rule 23's typicality and adequacy requirements *before* the presumption is triggered. Here, Boston is inadequate because it has served as a lead plaintiff eight times within the past three years. As a professional plaintiff, appointing Boston as lead plaintiff in this case would be a direct violation of the PSLRA.

The PSLRA states: "Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an officer, director, or fiduciary of a lead plaintiff, in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3-year period." 15 U.S.C. §78u-4(a)(3)(B)(vi); *see also McKesson,* 79 F. Supp. 2d 1146, 1156 (provision "creat[es] a rebuttable presumption that the same plaintiff should not direct more than five securities class actions in three years" and barring

2

institution from service as lead plaintiff). Should the Court appoint Boston as a lead plaintiff here, its total would be at least nine lead plaintiff actions in the past three years, exceeding the PSLRA's restriction. *See Cambridge Ret. Sys. v. Mednax, Inc.*, No. 0:18-cv-61572-WPD, 2018 U.S. Dist. LEXIS 222766 (S.D. Fla. Dec. 21, 2018); *see also Knurr v. Orbital ATK, Inc.*, 220 F. Supp. 3d 653, 662-63 (E.D. Va. 2016) (barring institutional plaintiff); *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 457 (S.D. Tex. 2002) (same).

Although Boston argues multiple times throughout its opposition brief that it is a "sophisticated institutional investor", that is not enough to overcome its status as a professional plaintiff. A plaintiff's mere status as an institutional investor does not mean that the institutional plaintiff is a more adequate lead plaintiff than an individual investor. *See Herrgott v. United States Dist. Court for the N. Dist. of Cal.(In re Cavanaugh),* 306 F.3d 726, 737 n.20 (9th Cir. 2002) ("If financial sophistication had been Congress's principal concern, it would not have made the plaintiff who lost the most money the presumptive lead plaintiff"); *see also Steiner v. Aurora Foods Inc.*, No. C 00-602 CW, 2000 U.S. Dist. LEXIS 20341, at *14 (N.D. Cal. June 5, 2000) (the "PSLRA does not limit the presumption of most adequate plaintiff to institutional investors. . . . the statute merely provides that the person or group of persons with the largest financial interest in the relief sought by the class is entitled to the presumption of most adequate plaintiff.").

As discussed in Mr. Trapp's opposition brief, Boston's 2024 meeting minutes are concerning. Despite being lead plaintiff in *eight* different securities cases, Natacha Thomas, General Counsel for the Boston Retirement Board, consistently states that there are "no legal issues to discuss" or "no legal update." *See* Dkt. No. 28-1 (Minutes from Boston's 2024 Monthly Meetings). Boston fails to provide any assurance that it will treat this case with the attention it so rightfully deserves and zealously represent the class in this action. Its lackadaisical attitude towards

the cases it serves as lead plaintiff shows that Boston is unable to handle its current responsibilities. *See*, *e.g.*, *In re Unumprovident Corp. Sec. Litig.*, No. 1:03-CV-049, 2003 U.S. Dist. LEXIS 24633, at *21-22 (E.D. Tenn. Nov. 6, 2003) (the "larger the number of cases being directed by a single institutional investor, the less likely it is these purposes are being served," *i.e.*, "cure perceived abuses of securities class actions by wresting control of such actions from professional plaintiffs and overly-aggressive attorneys"). This case would just be another drop in the bucket for Boston, where as Mr. Trapp is committed to devote his full attention to this action. *See* ECF No. 8-1 (Mr. Trapp's Certification).

Boston has failed to show that it will be able to adequately oversee this case if given the opportunity. The record shows that Boston is neglecting its duties as a lead plaintiff for the cases it is currently serving, and the Court should deny Boston's motion pursuant to the PSLRA's restriction against "professional plaintiffs" rule, which prohibits a movant from serving as a lead plaintiff in more than five cases in any three-year period. *See* 15 U.S.C. §78u-4(A)(3)(B)(vi). The PSLRA "places the burden on the [presumptively barred institution] to demonstrate why the bar should not be applied." *In re Telxon Corp. Sec. Litig.*, 67 F. Supp. 2d 803, 820 (N.D. Ohio 1999); *Unumprovident Corp.*, 2003 U.S. Dist. LEXIS 24633, at *20. Boston has failed to carry its burden in this regard. *See Chiaretti v. Orthodontic Ctrs. of Am., Inc.,* No. 03-1027 Section "F", 2003 U.S. Dist. LEXIS 25264, at *5 (E.D. La. Aug. 28, 2003) (the "primary tenet of the PSLRA is to protect a class from representation by repeat plaintiffs, who ***may not*** adequately monitor numerous litigations and counsel simultaneously.").

Boston's meeting minutes and its actions in the *Allergan* case, as discussed in Mr. Trapp's opposition brief, shows Boston's inability to control its counsel at a crucial point in the litigation. The court went on to decide that, "the conduct of [Boston] and its counsel raises issues sufficient

4

for this Court to deny certification of a class with [Boston] as its representative." *In re Allergan PLC Sec. Litig.*, 2020 U.S. Dist. LEXIS 179371, at *25 (S.D.N.Y. Sep. 29, 2020).

Allowing Boston to serve as lead counsel in this case would violate the PSLRA's restrictions against "professional plaintiffs" and unnecessarily risk prejudicing the class in this case.

> **B.      No Proof Exists to Rebut the Presumption in Favor Mr. Trapp's Appointment as Lead Plaintiff.**

Importantly, because Mr. Trapp has the largest financial interest in this litigation once Boston is disqualified, the PSLRA provides a rebuttable presumption that he is the most adequate plaintiff to represent the class. The "strong presumption" in favor of appointing Mr. Trapp as lead plaintiff can only be rebutted with "proof" that Mr. Trapp is somehow atypical or inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also In re Facebook, Inc.,* 288 F.R.D. 26, 40 (S.D.N.Y. Dec. 6, 2012) ("***exacting proof***" necessary to "rebut the PSLRA's presumption" in favor of most adequate lead plaintiff). "Mere speculation" is insufficient to rebut the lead plaintiff presumption. *In re Turquoise Hill Res. Ltd.,* No. 20-cv-8585 (LJL), 2021 U.S. Dist. LEXIS 8840, at *14 (S.D.N.Y. Jan. 15, 2021) (citing *Foley v. Transocean Ltd.,* 272 F.R.D. 126, 133 (S.D.N.Y. 2011) ("[T]he conflict of interest must be shown, not merely speculated, in order to rebut the presumption of the most adequate lead plaintiff.")). No such proof exists here. Boston does not challenge Mr. Trapp's typicality or adequacy, only claiming that it has a larger financial interest than him. *See* ECF No. 29 at pp. 2 and 4 (Boston's Opposition Brief). As explained above, that is not enough for Boston to win the day. Mr. Trapp has no conflicts with the members of the class and is motivated to recover the heavy losses he suffered. Accordingly, Mr. Trapp is both typical and adequate and his Motion should be granted in its entirety.

III.    **CONCLUSION**

For the foregoing reasons, Mr. Trapp respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Movant as Lead Plaintiff, (2) approving his selection of Levi & Korsinsky as Lead Counsel for the Class, and (3) granting such other relief as the Court may deem just and proper.

Dated: November 5, 2024                          Respectfully Submitted,

                                                 **LEVI & KORSINSKY, LLP**

                                                 By: */s/ Adam M. Apton*
                                                 Adam M. Apton (AS-8383)
                                                 33 Whitehall Street, 17th Floor
                                                 New York, NY 10004
                                                 Tel: (212) 363-7500
                                                 Fax: (212) 363-7171
                                                 Email: aapton@zlk.com

                                                 *Lead Counsel for Thomas Trapp and*
                                                 *[Proposed] Lead Counsel for the Class*

6